UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TUCKER LEWIS, | ) |
| Petitioner, | ) |
| | ) Civil Case No. 5:24-10-DCR-CJS |
| v. | ) |
| JAILER KELLI ELLIOTT, | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Tucker Lewis, proceeding *pro se,* filed a handwritten document titled "Writ of Habeas Corpus" on January 12, 2024. (R. 1). The document was construed and docketed as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 because Lewis is presenting challenges to his state court criminal trial and/or conviction. To proceed with the within case, Lewis was ordered to complete and return the required form for filing a § 2254 petition. He has failed to do so by the ordered deadline or to date. Therefore, for the reasons set forth below, it will be recommended that Lewis's Petition for Writ of Habeas Corpus (R. 1) be dismissed without prejudice.

**I.    Background**

Upon Lewis's filing of his "Writ of Habeas Corpus," construed as a § 2254 petition, several deficiencies were noted. As a result, a Deficiency Order was entered pointing out that the filing did not comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 because the submission did not substantially conform to the standard form. (R. 4). The Court ordered that an AO Form 241 be sent to Lewis and that he complete and return the form by February 15, 2024. (*Id.*). The Order further informed Lewis that he must either pay the $5.00 filing fee for § 2254 petitions or file a motion for leave to proceed *in forma pauperis* also by

February 15, 2024. (*Id.*). Lewis was warned that if he failed to file the completed AO Form 241 and/or take further action as to the required filing fee, it would be presumed that he did not wish to proceed further with a case under 28 U.S.C. § 2254. (*Id.*). The docket reflects that Lewis has not paid the $5.00 filing fee, nor has Lewis sent in the completed form as of the date of this Report and Recommendation.

**II.     Analysis**

In situations where a party fails to comply with a court's order or otherwise affirmatively advance a case, the court possesses the authority to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (noting that dismissal of claims for failure to prosecute is a tool available to the district court to manage its docket and to avoid unnecessary burdens on the court and opposing parties and approving of dismissal after certain plaintiffs therein failed to respond to a court order requiring filing status information). This Civil Rule is equally applicable to cases involving habeas petitions. *See* Rule 12 of the Rules Governing Habeas Corpus Cases Under Section 2254 (noting that "[t]he Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules").

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)). As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

2

First, Lewis's lack of compliance with the Court's Order or communication otherwise evidencing his intention to move forward with the case appears willful, given that he was provided the requisite forms and ordered to file specific information. Second, Lewis's failure to comply with the Court's Order has not prejudiced the Respondent in that he has not yet been ordered to respond; however, as a party to an unresolved open case pending on the Court's active docket, Respondent is prejudiced to the extent that Petitioner has not advanced his case as ordered by the Court. Third, Lewis was explicitly warned that if he failed to complete and return the standard form, it would be presumed that he does not wish to proceed with a case under 28 U.S.C. § 2254.

Lastly, the fourth factor looks to whether less drastic sanctions were imposed or considered. Because Lewis has disregarded the Court's Order and has effectively abandoned his case, dismissal is appropriate. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.").

Furthermore, the leniency granted to *pro se* litigants has limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (concluding that dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion when ordered to do so by magistrate judge); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (recognizing that a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). Lewis is responsible for ensuring that all filing requirements are satisfied and pursuing his claims in a timely manner. Under the circumstances, it is reasonable and appropriate

3

to conclude that his failure to fully comply with the Court's Deficiency Order constitutes an abandonment of his claims. *See Shavers v. Hastings*, No. 7:06-CV-48-DLB, 2006 WL 1285405, at *1 (E.D. Ky. May 9, 2006) (construing petitioner's noncompliance with order to file additional information as to his financial status as abandonment of his claims and dismissing the *pro se* habeas petition).

### III. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that:

1. Petitioner's § 2254 Petition for Writ of Habeas Corpus (R. 1) **be dismissed without prejudice** for failure to prosecute and comply with Court orders; and

2. this matter **be stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also* Rule 8 of the Rules Governing Section 2254 Cases. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 28th day of February, 2024.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 General\5-24-10-DCR Lewis recdtn to dismiss.docx