UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TUCKER LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 24-010-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KELLI ELLIOTT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 24, 2024, Petitioner Tucker Lewis submitted a letter, construed as a *pro se* petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2254. He seeks to challenge his criminal conviction in state court. [Record No. 1] The matter was referred to United States Magistrate Judge Candance J. Smith who issued a Report and Recommendation on February 28, 2024. [Record No. 5] Magistrate Judge Smith recommends dismissing Lewis' petition without prejudice. For the reasons outlined below, the Court will adopt the Magistrate Judge's recommendation.

**I.**

After Lewis submitted his letter requesting relief, Magistrate Judge Smith directed that he complete AO Form 241 because his filing did not comply with Rule 2 of the Federal Rules Governing Habeas Corpus Cases Under Section 2254. The Magistrate Judge also informed Lewis that he must either pay filing fee for § 2254 petitions or file a motion for leave to proceed *in forma pauperis* by the deadline provided. However, Lewis did not comply with the Magistrate Judge's Deficiency Order.

When a party fails to comply with a judicial order or otherwise fails to advance a case, a court may dismiss the matter for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (noting that dismissal of claims for failure to prosecute is a tool available to the district court to manage its docket and avoid unnecessary burdens on the court). As the Magistrate Judge observes, "this Civil Rule is equally applicable to cases involving habeas petitions." *See* Rule 12 of the Rules Governing Habeas Corpus Cases Under Section 2254 (noting that "[t]he Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules").

A court should consider the following factors to determine whether a case should be dismissed for failure to prosecute under Federal Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

Under the foregoing circumstances, these factors support dismissal of the matter because Lewis has seemingly abandoned his case. First, Lewis's failure to comply with the Court's Order appears willful. He was provided the requisite forms and ordered to file specific information, yet he has not filed any document since the Magistrate Judge issued the Deficiency Order. Second, as the respondent to an unresolved case pending on the Court's docket, jailer Kelli Elliott is prejudiced because Lewis has not advanced his case as ordered. Third, Lewis was explicitly warned that if he failed to complete and return the standard form,

the Court would presume that he does not wish to proceed with his case pursuant to Section 2254.

The fourth factor examines whether less drastic sanctions were imposed or considered. The Magistrate Judge concluded that, "[b]ecause Lewis has disregarded the Court's Order, dismissal is appropriate." *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, the Magistrate Judge recommended dismissal *without* prejudice, which is a lesser sanction than is permitted under Rule 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of dismissal without prejudice . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.").

At present, Lewis has not signaled that he intends to pursue his claim. And the degree of leniency granted to a *pro se* litigant is not without limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (concluding that dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to the defendants' Rule 12(c) motion when ordered to do so by a Magistrate Judge); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (recognizing that a *pro se* litigant is not afforded special consideration for failure to follow easily understandable court orders). Rules matter in federal court, and *pro se* litigants must satisfy basic filing requirements and meet deadlines. Here, it appears that Lewis has abandoned his case by failing to rectify the deficiencies in his original petition. Therefore, dismissal is warranted.

## II.

The Court conducted a *de novo* review of the Magistrate Judge's determination. Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties were given fourteen days to file objections to the Magistrate Judge's determination. *See also* Rule 8 of the Rules Governing Section 2254 Cases. As Magistrate Judge Smith admonished, "[f]ailure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals." *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). No objection was filed.

Notwithstanding, a district court must issue or deny a Certificate of Appealability ("COA") when it enters a final order adverse to the petitioner. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The court may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To obtain a COA, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the Court's conclusions. Lewis did not substantially show that he was deprived of a constitutional right in his original letter construed as a Section 2254 petition. However, this letter is the only filing he has made in pursuit of his claim since the Magistrate Judge issued the Deficiency Order.

## III.

Being sufficiently advised, it is hereby **ORDERED** as follows:

- 5 -

    1.    The Report and Recommendation of United States Magistrate Judge Candance J. Smith [Record No. 5] is **ADOPTED** and **INCORPORATED** here by reference.

    2.    Lewis' petition is **DISMISSED** without prejudice.

    3.    A Certificate of Appealability will not issue.

Dated: March 19, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky