UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TUCKER LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 24-010-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KELLI ELLIOTT, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Petitioner Tucker Lewis has submitted a letter, construed as a *pro se* petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2254. He seeks to challenge his criminal conviction from state court. [Record No. 1] To proceed under Section 2254, Lewis was ordered to complete and return the required form for his petition to comply with Rule 2 of the Federal Rules Governing Habeas Corpus Cases Under Section 2254. [Record No. 4] However, he failed to return the form by the deadline. Thereafter, his petition was dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. [Record No. 7] Lewis has now filed a motion for reconsideration, contending that he never received the Court's Order and other legal mail.

District courts review motions to reconsider under Rule 59(e). *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). This rule allows the Court to alter or amend its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Here, Lewis claims he would

like to pursue his Section 2254 petition that the Court dismissed. Therefore, his motion will be reconsidered to determine whether a clear error of law occurred or whether there is a need to prevent manifest injustice.

As previously noted, a court may dismiss a matter for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure when a party fails to comply with a judicial order or otherwise fails to advance a case. *See Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (noting that dismissal of claims for failure to prosecute is a tool available to the district court to manage its docket and avoid unnecessary burdens). In this circuit, courts consider certain factors in determining whether a case should be dismissed for failure to prosecute under Rule 41(b). *See Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). After consideration of these factors, the Court properly determined his petition should be dismissed because his original letter was the only filing he made over the course of several months.

But Lewis claims that the reason for his failure to prosecute is because he did not receive the Court's correspondence after filing his original letter after being transferred from the Fulton County Detention Center. As a general matter, a defendant with a pending claim has an affirmative duty to ensure the Court is aware of any change in address. *See Barber v. Runyon*, 1994 WL 163765, at *1 (6th Cir. May 2, 1994); *Grogg v. Clark*, 2017 WL 123798, at *1 (E.D. Tenn. Jan. 12, 2017). Here, even if Lewis had notified the Court of his transfer between detention facilities, he still alleges that the jailer named as a defendant in his 2254 petition "failed to ever inform [him] of legal mail." [Record No. 11] Ordinarily, this could be a sufficient ground to reconsider the decision to dismiss his petition. However, Lewis claims

that he "filed again after his transfer." *Id*. It remains unclear whether he has a separate pending challenge of his state court conviction.

To the extent Lewis has not refiled in federal court, he remains free to do so because his original petition was dismissed without prejudice after he failed to pursue it. Regardless of whether Lewis has pursued his claim in another filing, he still has not complied with the Magistrate Judge's Deficiency Order by returning a completed AO Form 241. Because Lewis has not cured this deficiency and may file his claim anew if he has not already, there is no risk of manifest injustice.

Being sufficiently advised, it is hereby

**ORDERED** that Lewis' motion for reconsideration [Record No. 11] is **DENIED**.

Dated: April 23, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky